**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-10229
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DANA RAEANN BOWERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(7:00-CR-4-3-R)
_____

December 18, 2001

Before DAVIS, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bowerman challenges her conviction and sentence for conspiracy
to possess with intent to distribute methamphetamine.  She raises
a number of issues on appeal, none of which have merit.

Bowerman argues first that the district court erred in
permitting Green to testify as a witness for the government when

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

there were indications that the witness would decline to answer questions based on Fifth Amendment privilege. Green and a number of other witnesses were called to testify that they purchased methamphetamine from Bowerman. Following a few introductory questions, the witness did indeed decline to answer a number of questions. Near the end of Green's testimony, Bowerman moved for a mistrial on the ground that the judge should have shielded the jury from Green's invocation of the Fifth Amendment so that adverse inferences would not be drawn against Bowerman. The judge denied the motion.

We are satisfied that Bowerman has not met the standard required by the Supreme Court and our cases for reversing a district court's refusal to grant a mistrial on this ground. Two situations in which forced invocation of testimonial privilege in the presence of the jury warrants reversal are where: (1) the government makes a "conscious and flagrant attempt" to establish guilt based on inferences arising from claims of privilege, or (2) those inferences add critical weight to the government's case in a form not subject to cross examination. Namet v. United States, 373 U.S. 179, 188 (1963); see also United States v. Brown, 12 F.3d 52, 54 (5th Cir. 1994). Green's testimony does not approach this high standard.

Bowerman argues next that the prosecutor, in his rebuttal argument to the jury, made an improper comment on the defendant's failure to testify. After reviewing the record, it is clear to us

that the challenged remarks were a fair comment on the defense's failure to explain the evidence. A prosecutor's remarks in such a case are constitutionally permissible unless (1) "the prosecutor's manifest intent was to comment on the defendant's silence"; or (2) "the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." See United States v. Grosz, 76 F.3d 1318, 1326 (5th Cir. 1996), citing United States v. Collins, 972 F.2d 1385, 1406 (5th Cir. 1992). This argument is without merit.

Bowerman raises a number of sentencing issues. She argues first that the record does not support the judge's enhancement of her sentence for obstruction of justice. Our review of the record reveals that the district court was entitled to conclude from the record that Bowerman threatened two witnesses in an attempt to prevent them from testifying. This argument is meritless.

Second, she argues that the evidence does not support the quantity of drugs used by the district court in computing her sentence. Again, our review of the record reveals ample support for the district court's computation of quantity.

For these reasons, the defendant's conviction and sentence are affirmed.

AFFIRMED.